UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PAXTON ZERINGUE

CIVIL ACTION

VERSUS

RICHARD MORRIS ET AL.

NO.: 18-00758-BAJ-RLB

RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 8)** filed by the United States. Plaintiff, Paxton Zeringue, did not file a response. For the reasons stated herein, the **Motion to Dismiss (Doc. 8)** is **GRANTED**.

I. BACKGROUND

Plaintiff alleges that on July 29, 2019 he was driving a 2013 Toyota Corolla, traveling northbound on the I-10 East Access Road in East Baton Rouge Parish, Louisiana. (Doc. 1-3 at p. 23). While Plaintiff was waiting to turn right onto Mall of Louisiana Boulevard, his vehicle was struck from behind by a 2017 Nissan Altima driven by Richard Morris, who allegedly failed to apply his brakes. (*Id.*)

Plaintiff brought a negligence action against Morris and against the Hertz Corporation ("Hertz"). Hertz had rented the vehicle to Morris and had allegedly issued a liability insurance policy. (Doc. 1-3 at p. 25). On September 27, 2018 the Court granted the United States' unopposed motion to substitute itself in place of Morris under the Federal Tort Claims Act, which directs the substitution of the United States as a defendant in place of a federal employee upon certification that

the employee was acting within scope of federal employment. (Doc. 7). *See also* 28 U.S.C. § 2679(d)(1). The United States Attorney certified in the motion that Morris was acting within the scope of his employment at the time of the incident based on a review of the circumstances of the accident, the pleadings, and a written statement from Morris' supervisor. (Doc. 1-2 at p. 1). The United States now seeks to dismiss Plaintiff's claims.

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(1), a claim is " 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). In order to "prevent[ ] a court without jurisdiction from prematurely dismissing a case with prejudice," a court should consider a Rule 12(b)(1) motion for lack of subject-matter jurisdiction before addressing any motions that concern the merits of a case. *Id.* at 286–87 (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). That standard seeks to determine whether "a complaint ... contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable

2

inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

## III. DISCUSSION

The United States argues that the Court lacks subject matter jurisdiction over this action because Plaintiff did not file an administrative claim prior to filing suit. (Doc. 8-1 at p. 2). The Federal Tort Claims Act (FTCA) is the exclusive remedy for a negligence action against a federal employee acting within the scope of his employment at the time of the alleged act. 28 U.S.C. §2679(b)(1). The FTCA requires a litigant to file an administrative claim with the applicable federal agency before a federal court may assert jurisdiction over the claim. 28 U.S.C. §2675(a). There is no indication in Plaintiff's complaint that Plaintiff filed an administrative claim. Accordingly, Plaintiff's action must be dismissed.

The Court notes, however, that the FTCA also provides that when the United States is substituted as a party defendant and the claim is dismissed for failure to file an administrative claim, the claim will be timely presented if (1) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and (2) the claim is presented to the appropriate federal agency within 60 days after dismissal of the action. 28 U.S.C. § 2679(d)(5). Thus, Plaintiff may state a cause of action if he meets these two statutory requirements and refiles suit.

Accordingly, the Court chooses to dismiss Plaintiff's suit against the U.S. without prejudice to Plaintiff's right to refile.

The Court also finds *sua sponte* that the Hertz Corporation must be dismissed from this action. As noted above, Plaintiff joined the Hertz Corporation because it owned the car Morris was renting at the time had issued a liability insurance policy. (Doc. 1-3 at p. 25). However, the FTCA does not permit an action against the rental company in this instance. *See Smith v. United States*, 245 F.3d 790 (Table) (5th Cir. 2000) (prohibiting Plaintiff from joining federal employee defendant's car insurance company to an FTCA action). *See also* 28 U.S.C. 2679(b)(1) ("The remedy against the United States. . . is exclusive of any other civil action or proceeding for money damages.").

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss (Doc. 8)** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

Baton Rouge, Louisiana, this 17th day of May, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**